IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT L. HAWKINS, JR., | : | |
| | : | |
|     Petitioner, | : | |
| | : | |
| vs. | : | CIVIL ACTION 14-0328-KD-M |
| | : | |
| CYNTHIA STEWART, | : | |
| | : | |
|     Respondent. | : | |

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate that was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this petition be dismissed as time-barred and that judgment be entered in favor of Respondent Cynthia Stewart and against Petitioner Robert L. Hawkins, Jr. pursuant to 28 U.S.C. § 2244(d).  It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of first degree rape and possession of a pistol after committing a crime of violence in

1

the Mobile County Circuit Court on June 23, 1982 for which he received sentences of ten and five years, respectively, in the state penitentiary (Doc. 1, p. 2). Hawkins did not appeal his convictions (Doc. 1, p. 3).

Petitioner filed a Rule 32 petition on November 29, 2011 (Doc. 1, p. 4).[1] Following the denial of the petition by the lower court, the Alabama Court of Criminal Appeals dismissed the appeal, on procedural grounds, and remanded it back to the lower court (*see* Doc. 9, Exhibit A). Hawkins has indicated that it was ultimately dismissed on February 28, 2013 (Doc. 1, p. 4).

Petitioner filed a complaint with this Court on July 1, 2014 raising the following claims: (1) His convictions were obtained without any information, complaint, or indictment issued against him; and (2) the trial court was without jurisdiction to sentence him (Doc. 1).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 9, pp. 2). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) that amended, in pertinent part, 28 U.S.C. § 2244. The specific provision states

---

[1]Respondent has asserted that the petition was filed on January 10, 2012 (Doc. 9, p. 2). However, it is of no moment, for purposes of

as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

The AEDPA became effective on April 24, 1996.  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).  The Eleventh Circuit Court of Appeals held that the one-year limitations period would begin to run on that date, April 24, 1996, for potential habeas petitioners whose convictions had already become final by way of direct review.  *Goodman*, 151 F.3d at 1337; *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).  In other words, the Eleventh Circuit Court of Appeals established a "grace period" through April 23, 1997 so that federal and state criminal defendants would not lose the opportunity to seek federal habeas review.

Petitioner's convictions became final on August 4, 1982, the last day he could file an appeal.  "In a criminal case a notice of appeal by the defendant shall be filed with the clerk

---

resolving the claims in this action, on which day it was filed.

3

of the trial court within 42 days (six weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2)." Ala.R.App.P. 4(b)(1). As such, Hawkins's convictions became final prior to the effective date of the AEDPA. This means that *Goodman* is applicable here and Petitioner's opportunity to file a habeas action expired on April 24, 1997.

Petitioner's habeas corpus petition was not filed in this Court until July 1, 2014, many years after the grace period had expired. Petitioner had filed a Rule 32 petition in state court on November 29, 2011, more than seventeen years after the grace period had expired. The Eleventh Circuit Court of Appeals has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Petitioner's Rule 32 petition was filed too late to toll the statute.

Petitioner's habeas corpus petition was filed well beyond the one-year grace period and filed in violation of 28 U.S.C. § 2244(d). The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective

Death Penalty Act of 1996:  this action is time-barred.[2]

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Cynthia Stewart and against Petitioner Robert L. Hawkins pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

---

[2]Hawkins filed a Reply to Respondent's Answer; however, the Reply does not address AEDPA at all (Doc. 13).

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Hawkins has not filed this action in a timely manner, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within

6

fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 12th day of February, 2015.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE